IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LOCAL UNION 802, INTERNATIONAL UNION
OF PAINTERS AND ALLIED TRADES and
DISTRICT COUNCIL NO. 7 AFL-CIO,

        Plaintiffs,

   v.

SURF-PREP, INC.,

        Defendant.

OPINION and ORDER

18-cv-590-jdp

---

Plaintiffs District Council No. 7 AFL-CIO and Local 802, International Union of Painters and Allied Trades (collectively "the union") filed this lawsuit against defendant Surf-Prep, Inc., to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*, and the Labor Management Relations Act, 29 U.S.C. § 185. The underlying dispute between the parties is whether Surf-Prep violated the parties' collective bargaining agreement by hiring non-union employees to perform union work. But the question before the court now is whether the dispute should be resolved by an arbitrator or by the National Labor Relations Board (NLRB). The union says that the dispute belongs in arbitration under the terms of the collective bargaining agreement; Surf-Prep says that the dispute should go to the NLRB because it involves questions about union representation.

The NLRB has already dismissed Surf-Prep's petition on the ground that the petition is outside the NLRB's purview, but Surf-Prep has filed an administrative appeal of that decision and it asks the court to stay this case while the appeal is pending.[1] The court will deny Surf-

---

[1] The parties have moved to supplement the record with the NLRB's decision and Surf Prep's administrative appeal. Dkt. 24 and Dkt. 31. The court will grant those motions.

Prep's motion to stay and will grant the union's motion to compel arbitration. The basic premise underlying Surf-Prep's position is wrong. An arbitrator is prohibited from deciding representation issues only when there is a preexisting ruling from the NLRB, and there is no preexisting ruling from the NLRB in this case. And even if there were, it would not preclude the arbitrator from deciding that Surf-Prep violated the agreement by hiring non-union employees. It would only preclude the arbitrator from deciding that those employees should be represented by the union.

Both parties also move for attorney fees, contending that the other side's position is frivolous. The court is not persuaded that either side is entitled to fees.

BACKGROUND

Surf-Prep is a contractor that specializes in surface preparation services, such as floor polishing and road texturing. The union represents the employees of Surf-Prep.

Surf-Prep and the unions entered into a collective bargaining agreement, which states that the union is the exclusive representative for all Surf-Prep employees that perform covered work. Dkt. 14-1, at 2. When Surf-Prep subcontracts job-site work that is covered by the agreement, it is required to work only with subcontractors that have signed labor agreements with the union. The agreement requires the parties to submit all disputes about the agreement to final and binding arbitration. *Id.* at 9.

Floor Coatings Pro and Nu-Look Floors are entities that also do flooring work. The union claims that these entities use Surf-Prep equipment, personnel, and offices, and that they perform work covered by the collective bargaining agreement. It contends that Floor Coatings and Nu-Look are merely "alter egos" of Surf-Prep, entities intentionally created by Surf-Prep

2

to evade the agreement. Surf-Prep contends that the three entities are actually unrelated companies.

In January 2018, the union filed a grievance with Surf-Prep, alleging that Surf-Prep was violating the agreement through "the operation by your company or its principals of a substandard company called Floor Coatings Pro LLC of work which would otherwise be performed by your company."[2] Dkt. 1-3. The union sought arbitration of the grievance, but Surf-Prep refused because it believed that the grievance raised issues that the NLRB must resolve. Dkt. 18-3 and Dkt. 18-4.

About six months after filing its initial grievance, the union filed this suit to compel Surf-Prep to arbitrate. Surf-Prep then filed two petitions for "unit clarification" with the NLRB to exclude Floor Coatings and Nu-Look employees from the Surf-Prep bargaining unit. Dkt. 28-1 and Dkt. 28-2. The regional director of the NLRB dismissed both petitions as outside the purview of the agency's jurisdiction, concluding that the union's grievance was not a claim about union membership, but rather a claim that Surf-Prep had transferred work outside of the bargaining unit. Dkt. 31-1. Surf-Prep has filed a request for review asking the NLRB to reverse the regional director's decision. That request is pending.

---

[2] Surf-Prep contends that the grievance sent by the union is not actually a "grievance." Dkt. 28, ¶ 9. But Surf-Prep does not elaborate upon this contention nor explain what would constitute a proper grievance under the collective bargaining agreement. Because Surf-Prep has not developed this line of argument, the court will not consider it.

ANALYSIS

A. Motion to compel arbitration

Surf-Prep's argument against arbitration has two premises: (1) only the NLRB can decide who is represented by the union; and (2) the union's claim raises issues about representation because the union will have to represent Floor Coatings and Nu-Look employees if the arbitrator decides that Floor Coatings and Nu-Look are alter egos. Both premises are incorrect.

The NLRB has primary, not exclusive, jurisdiction over issues of representation. In other words, the mere existence of a remedy before the NLRB does not bar plaintiffs from seeking relief in arbitration of a representational issue, a point made clear by the Supreme Court: "However the dispute be considered—whether one involving work assignment *or one concerning representation*—we see no barrier to use of the arbitration procedure." *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 268, 272 (1964) (emphasis added). The NLRB may later issue a ruling that disagrees with the arbitrator on a representational issue. And if that happens, then the NLRB's ruling takes precedence. But the possibility of future conflict is not an impediment to arbitration. *Id.*

Surf-Prep says that *Part-Time Faculty Ass'n at Columbia Coll. Chicago v. Columbia Coll. Chicago*, 892 F.3d 860 (7th Cir. 2018), is controlling, but that case, like the other cases that Surf-Prep cites,[3] involved a preexisting NLRB determination on the disputed issue. And in *Part-Time Faculty*, the court made clear that *Carey* is still good law, and that under *Carey*, the default

---

[3] *See Plumbers Local 342 v. Valley Engineers*, 975 F.2d 611 (9th Cir. 1992); *Teamsters Local 776 v. NLRB*, 973 F.2d 230 (3rd Cir. 1992); *Local 204, Electrical Workers v. Iowa Electric Light and Power Company*, 668 F .2d 413 (8th Cir. 1982).

rule is that arbitrators can decide issues of representation. *Id.* at 865–66. Neither an arbitrator nor a court may decide a representation issue already resolved by the NLRB. *Id.* at 866. But there is no prior ruling from the NLRB in this case, so the arbitration clause of the collective bargaining agreement applies. *See Carey*, 375 U.S. at 272; *see also Bell Cold Storage, Inc. v. Over-the-Rd. Transfer, Cold Storage, Grocery & Mkt. Drivers, Local No. 544*, 885 F.2d 436, 440 (8th Cir. 1989) (union could arbitrate representational dispute because NLRB did not issue final determination); *United Bhd. of Carpenters, Local Union No. 1694 v. W.T. Galliher & Bro., Inc.*, 787 F.2d 953, 954 (4th Cir. 1986) (allowing arbitration of representational dispute when parties were not trying to circumvent an existing Board decision).

Surf-Prep contends that the court should stay proceedings until the NLRB rules on its request for review of the regional director's dismissal. But the possibility of a future conflicting decision from the NLRB is not a basis for denying arbitration. *See Carey*, 375 U.S. at 272. And in any event, Surf-Prep misunderstands the scope of the NLRB's primary jurisdiction. The union's underlying claim is that Surf-Prep violated the collective bargaining agreement by transferring work to Floor Coatings and Nu-Look. But Surf-Prep contends (contrary to the union's assertions) that the union is also raising a second claim: that it represents the employees of those companies. Assuming Surf-Prep is correct, a decision from the NLRB would preclude only the second claim. It would not preclude an arbitrator from deciding whether Surf-Prep transferred work. *See Certco, Inc. v. Int'l Bhd. of Teamsters*, No. 11-cv-258-wmc, 2012 WL 12887722, at *5 (W.D. Wis. Sept. 30, 2012)). And a finding that Surf-Prep violated the contract in this regard would not require the union to represent the employees of the other companies. *Cf id.* at * 6 (arbitration award is precluded only to the extent that it requires union

5

representation of other employees; the award stands as to the determination that the employer transferred work).

Surf-Prep argues that the union did nor raise a claim for transfer of work, but it misquotes the union's grievance. Dkt. 17, at 3. The grievance states that Surf-Prep "may be evading or be in violation of its labor agreement with this Union by reason of the operation by your company or its principals of a substandard company called Floor Coatings Pro LLC *of work which would otherwise be performed by your company*." Dkt. 1-3 (emphasis added). The last part of the sentence (which Surf-Prep omits) clearly indicates that the claim relates to the assignment of work that should have gone to Surf-Prep employees.

Surf-Prep also contends that any case involving an alter ego or single employer issue is necessarily a case about union representation. But Arbitrators can consider whether a party used an alter ego if doing so is necessary to decide other, contractual disputes. *See Equitable Res., Inc. v. United Steel*, 621 F.3d 538, 550 (6th Cir. 2010) (a dispute is not representational just because an arbitrator may have implicitly decided a representational issue). The case that Surf-Prep relies on to argue otherwise, *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Local 342 v. Valley Engineers*, 975 F.2d 611, 614 (9th Cir. 1992), *as amended* (Oct. 16, 1992), involved only a representational claim and did not include a claim for transfer of work.

The court will deny Surf-Prep's motion to stay, and grant the union's motion to compel arbitration.

**B. Attorney fees**

Both parties request attorney fees at the ends of their opening briefs. The court will deny both requests.

The union relies on a case that ordered sanctions under Federal Rule of Civil Procedure 11. *See Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 249 (7th Cir. 1986). But a party seeking Rule 11 sanctions must file a separate motion and first give the opposing party an opportunity to withdraw its position. Fed. R. Civ. P. 11(c)(2). The union did not file a separate motion and does not say that it complied with the safe-harbor provision, so the court will not award a sanction under Rule 11.

Surf-Prep also moves for Rule 11 sanctions on the ground that the union asserted frivolous arguments. Because the union prevailed on its motion to compel arbitration, the court will deny Surf-Prep's sanctions motion.

ORDER

IT IS ORDERED that:

1. Plaintiffs Local 802, International Union of Painters and Allied Trades and District Council No. 7 AFL-CIO's motion to compel arbitration, Dkt. 3, is GRANTED in part. The court grants plaintiffs' petition to compel arbitration. The motion is DENIED as to plaintiffs' request for sanctions.

2. Plaintiffs' motion to supplement, Dkt. 31, is GRANTED.

3. Defendant Surf-Prep, Inc.'s motion to supplement the record and hold proceedings in abeyance, Dkt. 34, is GRANTED in part. The motion is granted as to Surf-Prep's request to file a supplement. The motion is DENIED as to Surf-Prep's request to hold proceedings in abeyance.

4. The clerk of court is directed to enter judgment in favor of plaintiffs and close this case.

Entered January 11, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge